UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs. 2:02-cr-51-FtM-29DNF

BRYAN KEITH BALLINGER
_____

**ORDER**

  This matter came before the Court on November 14, 2005, for a final revocation hearing. After finding defendant violated supervised release by committing the third violation alleged in the Petition, the Court sentenced defendant to six months in the custody of the Bureau of Prisons, followed by twenty-four months supervised release. Counsel for the government questioned whether the length of the new term of supervised release was permitted by statute, although neither the parties nor the Court arrived at an answer. Having reviewed the matter further, the Court concludes that twenty months is the maximum available term of supervised release.

  Defendant was convicted in the Eastern District of Virginia of conspiracy to import methylenedioxymethamphetamine into the United States, and on November 13, 1998, was sentenced to 46 months imprisonment followed by 24 months supervised release. Jurisdiction over supervised release was transferred to the Middle

District of Florida, Fort Myers Division, on May 15, 2002. On August 4, 2003, the Court revoked defendant's supervised release, and sentenced him to the custody of the Bureau of Prisons for ten months, followed by 24 months of supervised release. (Doc. #18). The current petition is defendant's second supervised release violation petition, and the issue is the length of supervised release which may be imposed.

Supervised release is imposed pursuant to sentencing power derived from the original conviction. Johnson v. United States, 529 U.S. 694, 701 (2000). Therefore, the statutory authority to impose supervised release must be found in the sentencing statute as it stood at the time of defendant's offense. United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003). Defendant's offense was committed in July, 1998, and was a Class C felony. 18 U.S.C. § 3559(a)(3) (1998). The allowable length of a new term of supervision release following revocation of supervised release is governed by 18 U.S.C. § 3583(h), which in July, 1998 provided:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment <u>that is less than the maximum term of imprisonment authorized under subsection (e)(3)</u>, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h) (1998)(emphasis added). The emphasized language was stricken by the PROTECT Act in 2003. The Eleventh

-2-

Circuit has assumed that a defendant is entitled to credit for incarceration for all prior revocations of supervised release, United States v. Arias, 2005 WL 2739242, *2 (11th Cir. Oct. 25, 2005), but does not appear to have definitively decided the issue. In United States v. Maxwell, 285 F.3d 336, 338 (4th Cir. 2002), the Court held that § 3583(h) requires a district court to subtract the term of imprisonment that was imposed upon defendant following the first revocation of supervised release from the total amount of supervised release originally authorized by statute for the underlying offense.  In the Court's view, this is the correct interpretation of § 3583(h).

The maximum supervised release term for the offense of conviction in this case was three years.  18 U.S.C. § 3583(b)(2)(1998).  Since defendant was sentenced to ten months imprisonment for his first supervised release violation, only twenty-six months of supervised release remained available.  Since the Court has imposed an additional six months imprisonment for the current violation of supervised release, the maximum period of supervised release currently available is twenty months.

Accordingly, it is now

**ORDERED**:

1. Pursuant to Fed. R. Crim. P. 35(a), defendant's sentence for violation of supervised release is corrected to reflect that the new term of supervised release is 20 months, not 24 months.

2. The Clerk of the Court shall make the correction on the judgment to be filed.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of November, 2005.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
AUSA
Counsel of Record
U.S. Probation